IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC., | : | |
| Complainant, | : | |
| v. | : | Civil Action No. 3:11CV655 |
| PREMIER FINANCIAL SERVICES, INC. | : | |
| Defendant. | : | |

OCT - 3 2011

## COMPLAINT

**COMES NOW**, Complainant, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, and recites the following facts and allegations in support of its Complaint against Premier Financial Services, Inc. ("Premier Financial");

### NATURE OF ACTION

1. SunTrust agreed to purchase mortgage loans from Premier Financial pursuant to the terms of a Correspondent Loan Purchase Agreement ("Agreement"). SunTrust then resold the loans to, including the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

2. Premier Financial has an obligation to indemnify SunTrust or repurchase loans upon the occurrence of certain events. Premier Financial has breached its indemnification and repurchase requirements, as stated under the Agreement, and SunTrust seeks to recover losses occasioned by the Premier Financial breach of contract.

## PARTIES

3. Plaintiff SunTrust Mortgage, Inc. is a Virginia corporation duly authorized to conduct business in the Commonwealth of Virginia, with its principal place of business in Richmond, Virginia.

4. Upon information and belief, Defendant Premier Financial was at all times herein relevant an Arizona corporation, with its principal place of business in Scottsdale, Arizona.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(a) based upon diversity of citizenship between the parties and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) based upon a Correspondent Loan Purchase Agreement entered into between SunTrust and Premier Financial on or about July 28th, 2003, wherein the parties submit to the personal jurisdiction of the United States District Courts sitting in Virginia, and agree that venue is proper before the United States District Court for the Eastern District of Virginia, Richmond Division.

## BACKGROUND FACTS

7. On or about July 28th, 2003, SunTrust and Premier Financial entered into a Correspondent Loan Purchase Agreement, whereby Premier Financial agreed to sell, and SunTrust agreed to purchase, on a servicing released basis, residential mortgage loans as set forth in SunTrust's Correspondent Seller Guide and governed by the Agreement. See, Exhibit 1.

8. Paragraph 22 of the Agreement states that Premier Financial shall indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses" relating to, or arising from, the breach of any representation, warranty, term, condition or obligation contained in either the Agreement or SunTrust's Correspondent Seller Guide, or for any materially inaccurate, incomplete, false or misleading information provided by or through Premier Financial to SunTrust.

9. Premier Financial warranted to SunTrust, in paragraph 17 of the Agreement, among other things, that:

   a. Each mortgage loan would be a valid and binding obligation of the borrower;

   b. It was the sole owner of the mortgage loan;

   c. The loan was eligible under the applicable loan program;

   d. It has complied with all federal, state and local laws;

   e. There is a valid policy of title insurance in place on the mortgaged property; and

   f. The mortgage loan constitutes an acceptable investment to private institutional investors and that no conditions exist which affect the mortgage loan's marketability.

10. SunTrust has the non-exclusive right, pursuant to paragraph 20 of the Agreement, to require a repurchase of the loan obligation upon the occurrence of the following events:

    a. Breach of warranty or representation;

    b. Failure to timely deliver post closing documents;

    c. Any information submitted to SunTrust by Premier Financial proves incomplete, inaccurate, false, or misleading in any material respect at the time the statement was made, regardless of whether Premier Financial had, or should have had, any knowledge at the time the information was submitted;

    d. Early payment delinquency;

    e. Ninety days delinquency within the first nine months of the loan; or

    f. The loan is unmarketable.

11. Loans sold by Premier Financial to SunTrust pursuant to the Agreement were sold to investors, including Fannie Mae, Freddie Mac and commercial lenders.

12. SunTrust has an obligation to repurchase loans or indemnify investors upon the occurrence of certain conditions.

13. Both SunTrust and its investors have conducted reviews of loans sold by Premier Financial to SunTrust, and as a result of certain conditions, SunTrust has been required to either repurchase loans or indemnify its investors for their losses.

14. SunTrust has made demand upon Premier Financial for repurchase of loans and indemnification of losses, with which Premier Financial has not complied.

### Jameson 6860 Loan

15. On or before September 21st, 2006, SunTrust acquired all rights in the Jameson 6860 loan from Premier Financial.

16. The Jameson 6860 loan was subsequently sold to Fannie Mae by SunTrust.

17. On or about May 12th, 2010, Fannie Mae demanded SunTrust repurchase the Jameson 6860 loan based upon its determination that the loan application failed to disclose one or

more loans in the borrowers' names and that the borrowers exceeded the applicable guidelines with respect to the number of financed properties owned.

18. SunTrust concurred with Fannie Mae's review, and subsequently indemnified Fannie Mae in the amount of $117,000.00.

19. Had SunTrust known that the loan application failed to disclose one or more properties in the borrowers' names or that the borrowers exceeded the maximum number of financed properties under the applicable guidelines, it would not have purchased the loan.

### Garcia 8358 Loan

20. On or before March 8th, 2007, SunTrust acquired all rights in the Garcia 8358 loan from Premier Financial.

21. The Garcia 8358 loan was subsequently sold to Bank of America by SunTrust.

22. On or about December 14th, 2009, Bank of America demanded SunTrust repurchase the Garcia 8358 loan based upon its determination that the loan application misrepresented the borrower's income.

23. SunTrust concurred with Fannie Mae's review, and subsequently repurchased the loan Bank of America. The Garcia 8358 loan has a current balance of $650,065.17.

24. Had SunTrust known that the loan application misrepresented the borrower's income it would not have purchased the loan.

### Clarke 4655 Loan

25. On or before March 3rd, 2007, SunTrust acquired all rights in the Clarke 4655 loan from Premier Financial.

26. The Clarke 4655 loan was subsequently sold to Fannie Mae by SunTrust.

27. On or about April 15th, 2008, Fannie Mae demanded SunTrust repurchase the Clarke 4655 loan based upon its determination that the loan application failed to disclose one or more loans in the borrower's name.

28. SunTrust concurred with Fannie Mae's review, and subsequently indemnified Fannie Mae in the amount of $102,266.00.

29. Had SunTrust known that the loan application failed to disclose one or more properties in the borrower's name it would not have purchased the loan.

## FIRST CAUSE OF ACTION AGAINST PREMIER FINANCIAL SERVICES FOR BREACH OF CONTRACT OF INDEMNIFICATION

30. SunTrust restates and realleges paragraphs 1 – 29 as if set out in full.

31. SunTrust's Correspondent Loan Purchase Agreement is a valid and enforceable contract binding upon the parties.

32. SunTrust substantially performed all of its obligations and duties under the Agreement.

33. Premier Financial has breached the indemnification provision of the of the Correspondent Loan Purchase Agreement found at paragraph 22 by failing to indemnify SunTrust Mortgage, Inc. against losses incurred due to Premier Financial's breach of the warranties contained in paragraph 17 of the Agreement, as well as losses incurred due to materially inaccurate, incomplete, false and misleading information provided to SunTrust by Premier Financial.

34. The breach of the indemnification provision by Premier Financial has resulted in damages to SunTrust for money paid to investors for the Jameson 6860, Garcia 8358 and Clarke 4655 loans.

## SECOND CAUSE OF ACTION AGAINST PREMIER FINANCIAL SERVICES FOR BREACH OF EXPRESS WARRANTY

35. SunTrust restates and realleges paragraphs 1 – 29 as if set out in full.

36. SunTrust's Correspondent Loan Purchase Agreement is a valid and enforceable contract binding upon the parties.

37. SunTrust substantially performed all of its obligations and duties under the Agreement.

38. Premier Financial has breached Warranty 17.3 of the Agreement by selling loans that were not eligible for purchase under the loan programs offered by SunTrust.

39. Premier Financial has breached Warranty 17.11 of the Agreement by selling a loan which did not constitute an acceptable investment.

40. SunTrust has been damaged by the breach of contract committed by Premier Financial which has necessitated the indemnification of its investors as well as the repurchase from investors of the Jameson 6860, Garcia 8358 and Clarke 4655 loans.

## THIRD CAUSE OF ACTION AGAINST PREMIER FINANCIAL SERVICES FOR SPECIFIC PERFORMANCE

41. SunTrust restates and realleges paragraphs 1 – 29 as if set out in full.

42. SunTrust's Correspondent Loan Purchase Agreement is a valid and enforceable contract binding upon the parties.

43. SunTrust substantially performed all of its obligations and duties under the Agreement.

44. Pursuant to paragraph 20 of the Agreement, in addition to its other remedies, SunTrust may demand the repurchase of certain mortgage loans by Premier Financial within 10 calendar days notice.

45. Premier Financial has breached the warranties and representations made at paragraph 20 of the Agreement for each loan herein referenced.

46. SunTrust, by and through its agents, has made repurchase demands, with which Premier Financial has not complied.

47. Under the Agreement, the repurchase price is calculated as the higher of (a) the unpaid principal balance or (b) the price paid by SunTrust (but not less than par), plus all accrued interest through and including the date of repurchase, together with expenses, court costs legal and professional fees.

48. The repurchase price on the Jameson 6860 loan is $117,000.00.

49. The repurchase price on the Garcia 8358 loan is $650,065.17.

50. The repurchase price on the Clarke 4655 loan is $102,266.00.

## RELIEF SOUGHT

Wherefore, Complainant SunTrust Mortgage, Inc. respectfully requests this Honorable Court to grant judgment in its favor and against Defendant Premier Financial Services, Inc. as more fully set forth below:

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT OF INDEMNIFICATION

1. For general damages against Premier Financial Services, Inc., SunTrust Mortgage, Inc. requests indemnification in the amount of $869,331.17;

2. For attorney's fees, costs and expenses incurred as a result of, or arising from, the activities of Premier Financial which have given rise to the breach; and

3. For interest at the statutory rate.

## SECOND CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY

1. For general damages against Premier Financial Services, Inc. in an amount to be proven at trial, but which are not less than the sum of $869,331.17;

2. For attorney's fees, costs and expenses incurred herein; and

3. For interest at the statutory rate.

## THIRD CAUSE OF ACTION FOR SPECIFIC PERFORMANCE

1. For an order charging Premier Financial Services, Inc. to repurchase the Jameson 6860, Garcia 8358 and Clarke 4655 loans, or in the alternative, for general damages against Premier Financial in an amount to be proven at trial, but which are not less than the sum of $869,331.17;

2. For attorney's fees, costs and expenses incurred herein; and

3. For interest at the statutory rate.


Richmond, Virginia
September 30, 2011

Respectfully Submitted,

*(signature)*

L. Scott Bruggemann
VSB No. 42634
e-mail: sbruggemann@wolfewyman.com
Wolfe & Wyman LLP
901 E. Byrd Street, Ste. 1105
Richmond, VA
(804) 915-7556 (phone)
(804) 417-4755 (fax)
*Attorneys for SunTrust Mortgage, Inc.*